UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Damon Howard, #235442, | ) | C/A No. 4:08-947-GRA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Ofc. Moore; Ofc. Green; Ofc. Anderson; Sgt. Jones; Sgt. Wright; each of whom is employed at the Broad River Correctional Institution, | ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, Damon Howard, filed this action on March 21, 2008, alleging various claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] The plaintiff is an inmate currently housed at the Broad River Correctional Institution ("BRCI"). Before the undersigned is the defendants' motion for summary judgment. (Document # 58.)[2]

### I.  PROCEDURAL BACKGROUND

On June 23, 2008, the defendants filed a motion for summary judgment, along with supporting memorandum, affidavits, and exhibits. (Document # 58). The undersigned issued an

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2] Based on the docket report, named defendants Stevenson, McKay, and Jones have not been served as plaintiff has failed to mail in service papers for those defendants. Thus, it is recommended that said defendants be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (See Proper Form Order, doc.#7).

order filed June 25, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On July 15, 2008, the plaintiff filed a document entitled "Motion for Evidentiary Hearing" response opposing the defendants' motion for summary judgment (doc.# 62) and a motion entitled "Motion to Amend Grievances Thats Relevant to My Case: Under 28 U.S.C. §1915(e)(2)" (doc. # 63).

## II.  DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges claims regarding incidents which occurred while he was incarcerated at the BRCI. The plaintiff alleges the defendants violated his Constitutional rights when officers assaulted him. Specifically, plaintiff alleges as follows, quoted verbatim:

> On Oct 9, 07 I inmate Damon Howard was assaulted by Ofc Moore and Ofc green. I had a problem I was addressing about my tray with Ofc Moore. I realize it wasn't going to get no where by arguing with him, so I requested to see his supervisor which was Sgt. Wright so I can show him my tray. He refuse to contact his supervisor so I started hitting on the floor and the door to at least get the attention of one of the other officers but my call went unanswer. Before I realize unexpectantly Ofc. Moore unlock my door without permission and start assaulting me by placing his hands on my neck and pushing me hard against the wall. After the assault took place, Sgt. Wright finally came to my door 15 minutes later. I told him what had taken place and he told me he would talk to me later about the matter. . .
>
> 1 week later, I was being escorted back from up front when officer Moore assaulted me again while I had on belly chains. I was gased in the face. While the dog chains was hook to one of my hands he started snagging and jucking my hands, leaving livid marks on my wrist. About a month later Ofc Moore was place on investigation. . . .since then I have been under extreme psychological, verbal and physical abuse by numerous officers on SMU lock-up. I wrote over 2 dozen grievances and requests concerning violations transgress upon me, but only receive back a couple that was unprocessed by Grievance coordinator Mrs. Montgomery. And everytime she says

>the same thing. . . I have written grievances on several officers who have retaliated back at me for what had transpired between me and Ofc. Moore. Sgt. Jones and Ofc. Anderson are other of many officers I have written up who have made numerous attempts on my life by tampering with my food and going around telling inmates I'm a "snitch, a informant and a homosexual. I have Grievances these complaints on 2-25-08 (Grievance number Broad River Corr. Institution-0239-08+0238-08). I have also written numerous requests and grievance on Sgt. Jones to because of his misconduct and abuse. As you will see by the sheets attach to my complaint. These grievances will tell and show I was discriminated on and how my rights were violated (8th Amend).

(Complaint, doc. #1).

Plaintiff requests that the court "compensate me for punitive pschological [sic], verbal and physical damages that I suffered by these officers corrupt and wrong doings." (Complaint). Plaintiff also requests "$10,000 for the pain and suffering I sustain by the hands of these officers. And for me to be transfered [sic] from this institution to a safer environment and also for these officers to be dealt with and punish for this complicitze [sic] involvement." Id.

### B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed.R.Civ.P. 56(c). The movant

has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed.R.Civ.P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. Fed.R.Civ.P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In Celotex, the Court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. DISCUSSION

Defendants argue that plaintiff has failed to produce evidence to support his allegations of assault by the officers and/or injury and the claim should be dismissed. Defendants submitted the affidavit of Janice Montgomery who attests that she is employed as the Grievance Coordinator for the BRCI. Montgomery states that plaintiff was, and continues to be, an inmate with the BRCI currently serving a sentence imposed by the State of South Carolina and that she has reviewed his relevant grievance filed. Montgomery attests that plaintiff is currently enrolled in the Behavioral

4

Management Program at BRCI. Montgomery asserts that plaintiff's grievance records fails to reflect a proper prisoner grievance appeal completed in accordance with the SCDC Policies and Procedures prior to filing suit in the present case. Montgomery attests that plaintiff filed a Step I Grievance (BRCI # 1276-07) alleging that he was assaulted by officer Moore on October 9, 2007. Montgomery states that the grievance was denied citing plaintiffs failure to produce evidence in support of his allegations as well as the plaintiffs' clean medical record on October 9, 2007. Montgomery attests that plaintiff appealed his Step I decision by filing a Step II Grievance on April 18, 2008, which was denied due to plaintiff's failure to produce evidence to substantiate his allegations. Montgomery asserts that plaintiff has not filed an appeal with the Administrative Law Court in accordance with SCDC Policy and the complaint was filed prematurely.

Defendants submitted the affidavits of Wayne C. McCabe and Lawrence Cantey, Jr. on May 30, 2008, in support of their supplemental response to a previous motion. Wayne C. McCabe ("McCabe") attests that he is employed as the Associate Warden of Operations for the BRCI and was assigned to manage the operations programs and administration for persons incarcerated within BRCI at all times relevant to the allegations of the instant lawsuit. McCabe attests that he has reviewed plaintiff's file materials and is aware plaintiff alleges Office Keith Moore assaulted him on October 9, 2007, and that the named defendants have verbally and physically threatened plaintiff on numerous occasions by tampering with his food and targeting him as an informant within the Institution. McCabe asserts that plaintiff is currently enrolled in the Behavioral Management Program at BRCI and has requested a transfer. McCabe attests that he is generally aware of plaintiff's mental health condition and has observed it deteriorate over the last few months. McCabe asserts that he is not aware of any instance in which any of the named defendants assaulted plaintiff

as alleged and after investigating the matter, he is informed and believes plaintiff's allegations are unfounded and untrue. McCabe attests that plaintiff's confinement to BRCI's Special Management Unit is neither vindictive nor cruel and is representative of the usual and accepted conditions imposed on persons incarcerated in maximum security. McCabe attests that the BRCI's SMU consists of an air-conditioned and heated facility where inmates are provided regular meals, healthcare, and access to books and the law library. McCabe states that plaintiff's request for transfer should not be granted as his mental health needs are best addressed in the Behavioral Management Program at BRCI.

Lawrence Cantey, Jr. ("Cantey") asserts he is employed as a behavioral Management-Mental Health Services Coordinator for the BRCI and is assigned to counsel, assess and diagnose persons with mental health issues currently incarcerated at BRCI. Cantey asserts that he has reviewed plaintiff's file and is aware of his allegations in this complaint. Cantey attests that plaintiff is currently enrolled in the Behavioral Management Program at BRCI and exhibits signs of paranoia and delusional ideation. Cantey states that he is aware plaintiff is requesting a transfer from the BRCI and has a history of manipulation and will malinger in an effort to draw attention to himself and to his request for a transfer. Further, Cantey attests that plaintiff has a history of self-mutilation, hunger strikes, physical aggression with staff members and arson while housed within BRCI. Cantey states that plaintiff has previously reported receiving physical threats from other inmates despite being housed in solitary confinement within the institution at those times. Cantey attached an "accurate diagnosis of Inmate Howard's mental health condition or about the time the present lawsuit was filed. (Exhibit A)." (Affidavit, ¶10). Cantey attests that he is not aware of any instance in which any of the named defendants verbally or physically assaulted plaintiff as alleged in the complaint.

Defendants argue that they have not breached any legal duty or standard of care due to the plaintiff which was the proximate cause of plaintiff's alleged injuries and/or damages.[3] Defendants argue that plaintiff has failed to produce any evidence in support of his claim of excessive force used by the defendants. Defendants assert that upon searching the plaintiffs' Central Record and consulting with relevant witnesses, the defendants are not aware of any instance in which any one of the named defendants verbally or physically assaulted plaintiff as alleged in the complaint. (McCabe affidavit). Defendants state that they believe plaintiff's complaint is derived from his deteriorating mental health as evidenced by BRCI's Mental Health Coordinator who has witnessed the plaintiff report previous instances of physical abuse by other inmates despite the fact that plaintiff continued to remain in solitary confinement. (Cantey affidavit). Defendants also assert that such information is also supported by the fact that the plaintiff has demonstrated a tendency toward manipulation to achieve his goals. (Id.). Defendants argue that having failed to demonstrate any evidence of excessive force in support of plaintiff's claim and having failed to demonstrate that his injuries, if any, were more than *de minimus* in nature, the case should be dismissed.

Plaintiff did not file a response in opposition to defendants' motion for summary judgment but filed a document entitled "Motion for a Evidentiary Hearing" which is being treated as a response. In this document, plaintiff asserts that he is challenging defendants' summary judgment and proceeds to discuss the grievance process. Plaintiff does not assert any specific injury/injuries

---

[3] In the complaint, plaintiff makes a brief reference to discrimination due to the way his grievances have been handled. However, he requests monetary damages for "discrimination and neglect." (Complaint p. 4). However, mere conclusory allegations of discrimination are insufficient to state a claim. As plaintiff has only asserted conclusory allegations, it is recommended that any claims as to discrimination be dismissed.

he has allegedly received as a result of his allegations. Plaintiff does not assert or show that he went to medical or requested to be seen by medical due to any injury. Plaintiff only appears to argue that his grievances have not been handled properly.

It is well established that the use of excessive force upon an inmate violates the Eighth Amendment's prohibition against cruel and unusual punishment. Hudson v. McMillian, 503 U.S. 1, 5 (1992). To establish an Eighth Amendment claim for cruel and unusual punishment, the plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 298. The subjective component requires the inmate to show that the officers applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." Hudson, 503 U.S. at 6-7. The objective component requires the inmate to prove that the use of force was more than *de minimis* or, in the alternative, that it was repugnant to the conscience of mankind. *Id*. at 9-10. *De minimis* injury can be conclusive evidence that the force used was also *de minimis* and, therefore, not violative of constitutional protections. See Norman v. Taylor, 25 F.3d 1259, 1264 (4th Cir. 1994).

Appropriate force may be used by prison officials when it is intended to maintain the discipline within a prison institution or to restore order. See Hudson, 503 U.S. at 6; Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The subjective component of an excessive force claim requires an inmate to demonstrate that the force used by an institutional official "inflicted unnecessary and wanton pain and suffering." Hudson, 503 U.S. at 7. In evaluating such a claim, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline

or maliciously and sadistically for the very purpose of causing harm.'" *Id*. (Internal quotations omitted). In determining whether a prison official acted maliciously and sadistically the court should consider: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7; Williams, 77 F.3d at 762. Plaintiff has failed to prove the objective and subjective components of an excessive force claim.

Even assuming the plaintiff's allegations are true, the plaintiff has failed to establish a sufficient injury. As explained by the Fourth Circuit Court of Appeals in Norman v. Taylor, 25 F.3d at 1263, "absent the most extraordinary circumstances, a Plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." Because *de minimis* injury may serve as evidence that *de minimis* force was used, an excessive force claim should not lie where a prisoner's injury is *de minimis*. *Id*. at 1262-63. "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973). *See also* Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996) (holding prison officials are entitled to use appropriate force to quell prison disturbances, and acting under pressure without the luxury of a second chance, an inmate must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm).

Here, the plaintiff has not alleged any specific injuries and any allegations of injury are *de minimis*. Plaintiff has asserted that defendants were trying to cause him harm by tampering with his food tray but has failed to allege or show evidence of any injury as a result of these allegations. Such speculation, however, falls short of actual serious or significant injury. Moseley v. King, 2006 WL 2827555 (D.S.C. 2006). Further, the PLRA provides:

9

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir.1997)(concluding that a sore, bruised ear lasting for three days was *de minimis* and failed to meet the requisite physical injury to support a claim of emotional or mental suffering).[4] Here, as discussed above, the plaintiff has not made such a showing of physical injury which is more than *de miminis*. Accordingly, this claim should be dismissed.[5]

### D.  ELEVENTH AMENDMENT IMMUNITY

The defendants contend that the plaintiff's §1983 claims against them for money damages in their official capacities are barred pursuant to their Eleventh Amendment Immunity.

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh

---

[4] Defendants do not submit specific evidence that an incident did not occur between plaintiff and Officer Moore or evidence disputing the other claims of plaintiff against the officers. Also, it does not appear that defendants submit competent evidence that plaintiff suffers a medical condition which causes him to be paranoid or delusional. Nonetheless, in the light most favorable to the plaintiff, he fails to present facts rising to the level of a constitutional violation, fails to demonstrate that his injuries, if any, were more than *de minimis* in nature.

[5] Defendants have asserted that plaintiff has failed to exhaust his administrative remedies in that he failed to timely appeal the denial of his Step II Grievance to the Administrative Law Court. The undersigned is not reaching the merits of this argument as it is recommended that the action be dismissed as failing to show a constitutional violation and Eleventh Amendment immunity.

Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.

In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity (cites omitted) or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Also, state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. Will, supra at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state. State officials may only be sued in their individual capacities.

There is no dispute that the defendants were employees of the SCDC at LCI and, thus, state officials acting in their official capacity while employed by the SCDC. Therefore, they are entitled to Eleventh Amendment immunity from monetary damages.

### E.  STATE LAW CLAIMS

Assuming plaintiff's § 1983 claim is dismissed by this Court and plaintiff's complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(C).

### F.  GRIEVANCE PROCEDURE

Plaintiff has made allegations regarding the grievance procedure at BRCI. Plaintiff appears to allege that his grievances were not handled properly.

It is recommended that these allegations be dismissed as there is no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

### III.  CONCLUSION

Based on the foregoing, it is recommended that the defendants' motion for summary judgment (document # 58) be GRANTED and the plaintiff's complaint be dismissed.

It is further recommended that any outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 5, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**